IN THE MATTER OF THE ACCOUNTS OF MICHAEL M. VAN DYKE, DECEASED, AS ADMINISTRATOR OF ISAAC VAN DYKE, DECEASED.

*Proceedings to compel an administrator to account before a surrogate — within what time they must be commenced — not changed by the provision, as to actions by legatees, contained in section 1819 of the Code of Civil Procedure.*

Section 1819 of the Code of Civil Procedure declaring that if, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses upon demand to pay a legacy or distributive share, the person entitled thereto may maintain such an action

against him, as the case may require, and providing that, "for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before," was intended to apply to actions only, and not to special proceedings, and it affected no change in the laws prescribing the time within which proceedings to compel an executors or administrator to account before a surrogate must be commenced. (BRADY, J., dissenting.)

APPEAL by James O. Van Dyke, as administrator under the will annexed, of Michael M. Van Dyke, deceased, from an order of the surrogate of the county of New York, directing him to render an account of the proceedings of Michael M. Van Dyke, as administrator of Isaac Van Dyke, deceased.

*Edward G. Black,* for the administrator, appellant.

*William B. Hall* and *A. Melhado,* for the respondent.

VAN BRUNT, P. J.:

The objection which was presented to the learned surrogate upon this application was that it was barred by the statute of limitations, and in an opinion given in this matter, in which are reviewed all the sections of the Code applicable to the question and numerous authorities, he has conclusively shown that the objection is well taken, and that the appellant is entitled to the protection of the statute, unless he is brought within the provisions of section 1819 of the Code of Civil Procedure. That section declares that if after the expiration of one year from the granting of letters testamentary or letters of administration an executor or administrator refuses upon demand to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires, but for the purpose of computing the time within which such an action must be commenced the cause of action is deemed to accrue when the executors' or administrators' account is judicially settled, and not before.

It is urged that section 1819 applies only to an action against an executor or administrator for the payment of a legacy or distributive share, whilst the proceeding sought to be initiated in the Surrogate's Court was simply a special proceeding for an accounting. Unless, therefore, special proceedings are to be included within the scope of section 1819, the statute of limitations applied

to the proceeding at bar. There is nothing in section 1819 which indicates that it was intended to apply to anything but an action against an executor or administrator for the payment of a legacy or distributive share. The language of the section refers to an action, and to an action only, and does not include in its provision in any way a special proceeding. Throughout the Code the distinction is preserved between special proceedings and actions, and in the definition of the word action, contained in chapter 449 of the Laws of 1876, no reference is made to a special proceeding, but where the word action is used it is stated that it refers to a civil action. The distinction between civil actions and special proceedings, in reference to the statute of limitations, is expressly recognized by section 414 of the Code, which provides that the provisions of this chapter apply (referring to chapter 4 of the Code of Civil Procedure, entitled "Limitation of the time of enforcing a civil remedy."), and constitute the only rules of limitation applicable to a civil action or special proceeding, except, etc. It would, therefore, appear that when in section 1819 actions were simply referred to, there was no intention on the part of the legislature to include special proceedings therein, and that section 1819, as far as these proceedings are concerned, affected no change in the law, and that the statute of limitations remained the same and had run against this application at the time of its attempted initiation before the surrogate.

The order should, therefore, be reversed, with ten dollars costs and disbursements.

DANIELS, J.:

The intestate died on the 18th of August, 1874, and Michael M. Van Dyke was appointed administrator of his estate on the fifteenth of September of the same year. He died in September, 1885, and the appellant was appointed the administrator, with the will annexed, of his estate in October of that year.

The petition for an accounting was presented by Elma Hyde, in September, 1886. She was a daughter of the intestate, and with Lilly Sims, were his only next of kin. The statute of limitations was interposed as an answer to the petition, but that was overruled. by the surrogate and an accounting directed. Whether this action of

the surrogate is entitled to legal support is dependent upon the construction required to be placed upon certain sections of the Code of Civil Procedure. That the proceeding before the surrogate was a special proceeding is conceded, as it necessarily must be, by each of the contesting parties. And as a special proceeding it was subjected by section 414 of the Code of Civil Procedure, to the same rules of limitation as have been made applicable to civil actions subject to certain exceptions, one of which alone it will be necessary hereafter to notice. And having been subjected to these rules of limitation, according to the provisions of section 382 of the same Code the proceedings to enforce an accounting should be commenced within six years after the right to require it shall have accrued. For it is to enforce an obligation or liability not arising upon a judgment or a sealed instrument. And either this provision or that contained in subdivision two of the same section relating to a liability created by statute, in its language includes the case of a proceeding against an administrator for an accounting.

By section 2724 of the Code, an administrator may be required by the surrogate to submit to a judicial settlement of his accounts after the expiration of one year from the time the letters were issued to him. The obligation to account accrues at that time, and under the provisions of section 382 already referred to, the right to require an accounting will be barred after the expiration of six years from the time when the accounting may be ordered according to section 2724 unless some other provision of the Code has prescribed a different rule. It has been contended that this has been done by section 1819 and that this section prevents the application of section 414, the first subdivision of which excepts special proceedings from the operation of the section, where a different limitation is specially prescribed by law.

But section 1819 of the Code contains no limitation of time within which the administrator may be called to an account. It contains no provision whatever on that subject, but it simply declares that the action may be maintained against an administrator for the payment of a legacy or distributive share, after the expiration of one year from the time of the granting of letters of administration, and then follows the provision supposed to exclude the case of an administrator from the statutory limitations which have

already been mentioned. And that provides, "for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executors' or administrators' account is judicially settled, and not before." This provision, it will be seen, contains no enactment whatever concerning the time within which the accounts may or shall be judicially settled. It does not prescribe a different limitation from that mentioned in the preceding sections, within the meaning of the phraseology contained in subdivision 1 of section 414. But without the least intimation as to the period during which the accounting may be enforced it has provided that the action mentioned in the section shall not be commenced until the accounting has actually taken place. Within what time the accounting shall take place, or the administrator may be required to account, has formed no part of this section. But that has manifestly been left to the preceding sections which contain particular directions concerning the time and the effect of omitting to institute the proceedings within that time. These sections are in no respect inharmonious, for section 1819 provides that the action mentioned in it shall not be commenced until the accounting has taken place, while sections 414 and 382 have declared and provided for the time in which the accounting must be had in order to avoid the effect of the statutory limitations. The former are declaratory of the time within which the proceedings must be taken, if they are taken at all, and the latter has proceeded no further than to make the action dependent upon the fact of the accounting having been had. There was no disposition manifested in any of these provisions so to change the law, as it previously existed, as to render an administrator indefinitely liable to be called to an account. If a different construction is placed upon these sections, then an administrator has no protection unless it may be dependent upon the presumption of payment arising after the lapse of twenty years. And it has not been the purpose of the statutory provisions imposing limitations upon the times within which legal proceedings are to be taken, to leave this subject in this manner exempt from statutory provisions. No other section requires to be considered for the disposition of this appeal. These sections include this controversy, and as more than the statutory time had expired when

this proceeding was instituted, the answer of the statute of limitation interposed a complete defense to the petition filed before the surrogate. And for these reasons, as well as those contained in the opinion of the presiding justice, the order should be reversed and an order entered sustaining the answer.

BRADY, J. (dissenting):

The learned surrogate seems to be right in his conclusion as to the effect of section 1819 of the Code upon applications of this character. Prior to the change made by that section, the period for commencing an action or special proceeding against an administrator for the cause assigned was the same. This is conceded.

The language of section 1819 does not include a special proceeding in *hæc verba*, but the course of legislation has been such as to indicate the design of having the action and special proceeding exist and go on *pari passu* together. This is shown by the opinion of the surrogate. There does not seem to be any reason why the proceeding shall be more restricted than the action. Under section 1819, the cause of action is deemed to accrue when the administrator's account is judicially settled, and not before; and by the provisions of that section, after the expiration of one year from the granting of letters of administration, the person entitled to a legacy or distributive share may maintain against the administrator such an action as the case requires. It requires one of two proceedings, an action or a special proceeding before the surrogate, and, as to both, the time for commencing is intended to be the same.

I think the remedy sustained by the surrogate is, therefore, within the spirit, if not within the letter of the statute, and that the order appealed from should be affirmed, with ten dollars costs of the appeal and disbursements.

Order reversed, with ten dollars costs and disbursements.